IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 JAN 16 P 3:52

CLERK _____
SO. DIST. OF GA.

| | |
|---|---|
| LATREEZ L. SINGLETON, ) | |
| ) | |
| Petitioner, ) | CIVIL ACTION NO.: CV212-173 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | (Case No.: CR210-19) |
| ) | |
| Respondent. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Latrezz Singleton ("Singleton") filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255. The United States of America ("Respondent") filed a Response. For the reasons which follow, Singleton's Motion should be **DENIED**.

## STATEMENT OF THE CASE

Singleton was convicted, after a jury trial, in this Court of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Honorable Lisa Godbey Wood sentenced Singleton to 120 months' imprisonment. Singleton filed a direct appeal, and the Eleventh Circuit Court of Appeals affirmed his conviction and sentence. United States v. Singleton, 455 F. App'x 914 (11th Cir. 2012).

In this Motion, Singleton contends that his attorney provided ineffective assistance. Singleton also contends that his sentence was enhanced based on acts which were not charged in the indictment. Respondent asserts that Singleton is not entitled to relief pursuant to § 2255.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Ineffective Assistance of Counsel Claims**

Criminal defendants have a right to effective assistance of counsel. Strickland v. Washington, 466 U.S. 668 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate (1) his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness, and (2) he suffered prejudice as a result of that deficient performance. Id. at 685-86. "The two-part Strickland test applies to ineffective-assistance claims concerning both the decision to accept a guilty plea offer and the decision to forgo a plea offer and stand trial." Davis v. United States, 404 F. App'x 336, 337-38 (11th Cir. 2010) (citing Coulter v. Herring, 60 F.3d 1499, 1504 n.7 (11th Cir. 1995)). The deficient performance requirement concerns "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Hill, 474 U.S. at 56. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. Davis, 404 F. App'x at 337 (citing Strickland, 466 U.S. at 686).

A. **Advice to Proceed to Trial**

Singleton contends that his trial counsel, Richard Allen, advised him that, regardless of whether he pled guilty or proceeded to trial, he would be sentenced to 10 years in prison. Singleton asserts that he later learned that he would have received a three (3) point reduction for acceptance of responsibility if he had pleaded guilty rather than having put the Government through a trial.

Respondent asserts that, even if Mr. Allen had told Singleton it would be immaterial, for sentencing purposes, whether he pleaded guilty or proceeded to trial,

2

that would not have been an inaccurate statement. Respondent asserts that the firearm charge Singleton faced calls for a maximum term of 120 months' imprisonment, and there is no lesser included offense for that charge. Respondent also asserts that Singleton cannot show that he would have received a lesser sentence if he had pled guilty. Respondent contends that application of the United States Sentencing Guidelines revealed that Singleton faced an advisory range of 188 to 235 month sentence, which exceeded the statutory maximum sentence of 120 months. In addition, Respondent contends that, even if Singleton had decided to plead guilty and received a three (3) point decrease in his offense level for acceptance of responsibility, the Guidelines' range would have been higher than the statutory maximum.

Even if Singleton had received a three (3) point reduction at sentencing based on acceptance of responsibility by pleading guilty to the section 922(g) charge, there is nothing before the Court which indicates Singleton would have received a lesser sentence than the 120 month sentence Judge Wood imposed. During sentencing, Judge Wood stated that Singleton's total offense level was 32, and he had a criminal history category of V. (CR210-19, Doc. No. 75, p. 8). The advisory Guidelines' range sentence he faced based on these levels was 188 to 235 months' imprisonment. (U.S.S.G. Sentencing Table 2009). If Singleton had pleaded guilty and been given a three (3) point reduction, the advisory Guidelines' range sentence he would have faced, based on an offense level of 29, would have been 140 to 175 months' imprisonment. (Id.). Because the advisory Guidelines' range was higher than the statutory maximum of 120 months' imprisonment, Judge Wood sentenced Singleton to that statutory maximum. Singleton cannot show that he would have received a sentence less than

120 months' imprisonment, and thus, he cannot show that his attorney offered deficient performance or that he was prejudiced by this performance. Singleton is not entitled to his requested relief on this ground.

### B. Failure to Explore a Plea Deal

Singleton asserts that Mr. Allen failed to investigate the possibility of getting a plea agreement, which led to Singleton being prejudiced. Singleton contends that Mr. Allen did not investigate this possibility based on his (Mr. Allen's) perception that he could and would win the case, despite the existence of an incriminating telephone conversation which was taped at the jail.

Respondent avers that, to the extent Singleton asserts that he would have pleaded guilty to the charged offense but for counsel's failure to investigate a possible plea agreement, his claim must fail. Respondent alleges that Singleton's statements of innocence during the sentencing hearing belie his claim that his attorney was ineffective for failing to discuss a plea agreement with the Government. Respondent also alleges that Singleton does not allege that he would have pleaded guilty if that opportunity had presented itself. Respondent contends that the Government never offered Singleton a plea agreement which would have required him to plead guilty to an offense which would have had a sentence for less than the 120 months' imprisonment he received.

As noted in Section I.A., Singleton fails to present any evidence or argument that, if he had entered a guilty plea and been given a three (3) point reduction in his offense level, his sentence would have been any lower (or even different) than the 120 month sentence Judge Wood pronounced. In addition, there is no evidence that the Government would have offered Singleton a plea agreement or that that agreement

AO 72A
(Rev. 8/82)

would have included the recommendation that Singleton receive a sentence lower than the statutory maximum sentence he received. Further, there is no evidence that Singleton would have entered into a plea agreement based on his statements to Judge Wood during the sentencing hearing. Coulter, 60 F.3d at 1504 ("[T]he defendant must establish that counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, [the defendant] must show that there is a reasonable probability that, but for counsel's errors, he would have pleaded guilty and would [not] have insisted on going to trial.") (internal citations and punctuation omitted).

At sentencing, Judge Wood allowed Singleton the opportunity to address the Court before she pronounced sentence. Singleton said, "I'm just afraid about the whole ordeal, what's going on, because I ain't never did nothing. It's like I'm getting ten years for nothing. I ain't never did nothing." (CR210-19, Doc. No. 75, p. 10).

Assuming, *arguendo*, that Mr. Allen was deficient by not exploring the possibility of a plea agreement, Singleton is not entitled to his requested relief.[1] Singleton has not shown that he suffered any prejudice from this failure, and thus, has not met both prongs of Strickland.

### C. Failure to Move to Dismiss Indictment

Singleton avers that Mr. Allen should have filed a motion to dismiss the indictment because the trial of this case did not begin within 70 days of the original indictment. Singleton contends that the Speedy Trial Act requires that the indictment be dismissed under these circumstances.

---

[1] The undersigned does not find Mr. Allen's performance to be deficient. The undersigned makes this presumption solely for the purpose of showing that, even if Mr. Allen performed deficiently, Singleton cannot show that he meets both prongs of the Strickland test.

5

Respondent alleges that Singleton does not account for the time which was excluded under the Speedy Trial Act, particularly the time in which motions were pending. Respondent also alleges that 69 countable days elapsed from the time Singleton was arraigned and his trial.

"In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). "The following periods of delay shall be excluded . . . in computing the time within which the trial of any such offense must commence: Any period of delay resulting from other proceedings concerning the defendant, including but not limited to-- delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion[.]" 18 U.S.C. § 3161(h)(1)(D). Also excludable is a "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court." 18 U.S.C. § 3161(h)(1)(H).

The indictment in this case was filed on May 10, 2010, and Singleton appeared before the undersigned for his initial appearance and arraignment on May 25, 2010. (CR210-19, Doc. Nos. 1, 9). The Speedy Trial Act clock began to run on May 25, 2010, as Singleton's appearance before the undersigned was the latter of the two triggering events under that Act. 18 U.S.C. § 3161(c)(1). Singleton then filed pretrial motions on June 3, 2010. (CR210-19, Doc. Nos. 11, 12, 15-17). This filing tolled the Speedy Trial

Act clock and eight (8) days elapsed between May 25 and June 3, 2010, for purposes of that Act. The undersigned entered an order on July 22, 2010, dismissing as moot Singleton's pretrial motions after the scheduled hearing was canceled. (Doc. No. 32). The Speedy Trial Act clock was tolled from June 3, 2010, through July 22, 2010, at which time the clock began running again. 18 U.S.C. § 3161(h)(1)(D). On August 25, 2010, the Government filed a Motion for Reciprocal Discovery, which caused the "clock" to toll once again. Id. From July 22 to August 25, 2010, thirty-three (33) additional days of the Speedy Trial Act elapsed. Singleton had 14 days, or until September 8, 2010, to file a response, which he did not do. L. Cr. R. 12.1. A hearing was not scheduled for this motion, and there were thirty (30) days from September 8, 2010, or until October 8, 2010, which were excludable. 18 U.S.C. § 3161(h)(1)(H).[2] Singleton's trial began on November 1, 2010. (Doc. No. 39). From October 8 to November 1, 2010, twenty-four (24) more days of the Speedy Trial Act clock elapsed. Thus, from the date Singleton was arraigned (May 25, 2010) through the date his trial began (November 1, 2010), only 65 days of the 70 days allotted under the Speedy Trial Act had elapsed. There was no violation of the Speedy Trial Act.[3] Thus, Singleton cannot show that, even if Mr. Allen provided deficient performance by not filing a motion to dismiss the indictment based on violations of the Speedy Trial Act, he (Singleton) suffered any prejudice. Any such motion would have been summarily denied. Singleton is not entitled to relief on this ground.

---

[2] The undersigned entered an order on the Government's Motion on October 27, 2010. (Doc. No. 38).

[3] Respondent's counsel must have overlooked the undersigned's Order dated October 27, 2010, which disposed of the Government's Motion. It appears that counsel included this otherwise excludable time period when he stated 69 countable days elapsed before Singleton's trial commenced.

7

## II. Sentencing Claim

Singleton asserts that his sentence was enhanced based on acts which were not charged in the indictment or proven or admitted at trial. Singleton declares that his sentence exceeded the jury verdict and violates his right to due process. Respondent contends that Singleton's claims are procedurally defaulted, not cognizable on habeas review, and without merit.

"Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." McKay v. United States, 657 F.3d 1190, 1196 (11th Cir. 2011) (internal citation and punctuation omitted). The procedural default rule "'is neither a statutory nor a constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and to respect the law's important interest in the finality of judgments.'" Id. (quoting Massaro v. United States, 538 U.S. 500, 504 (2003)). There are two exceptions to the procedural default rule. A defendant can overcome "application of the procedural default bar by show[ing] cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error." Id. (internal citation omitted) (alteration in original). "Under the actual innocence exception—as interpreted by current Supreme Court doctrine—a movant's procedural default is excused if he can show that he is actually innocent either of the crime of conviction or, in the capital sentencing context, of the sentence itself." Id. (citing Dretke v. Haley, 541 U.S. 386, 388 (2004)).

Singleton has not shown cause for his failure to raise his sentencing claim on appeal. In addition, and more importantly, Singleton cannot show he suffered any

prejudice to overcome his procedural default of this issue. Singleton's claim that his sentence violates due process is wholly without merit. A jury found Singleton guilty of being a felon in possession of a firearm, which is an offense which carries a 120 month statutory maximum. This is the sentence Singleton received. Singleton's sentence was not enhanced or otherwise increased beyond the statutory maximum, as previously noted. Singleton is not entitled to his requested relief. As Singleton has not advanced an actual innocence claim, the undersigned need not address that claim.

It is unnecessary to address the remaining portions of Respondent's Response.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Singleton's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28 U.S.C. § 2255, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 16th day of January, 2013.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)