FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2013 FEB -8 A 9: 33

[signature]
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| LATREEZ L. SINGLETON, | ) | |
| | ) | |
| Petitioner, | ) | CIVIL ACTION NO.: CV212-173 |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | (Case No.: CR210-19) |
| | ) | |
| Respondent. | ) | |

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Objections have been filed.[1] In his Objections, Latrezz Singleton ("Singleton") alleges that Respondent erroneously asserts that he did not claim that he would have entered a plea of guilty had he been given the opportunity. Singleton asserts that his affidavit contradicts this assertion, as his affidavit makes it "abundantly clear" that he would have listened to his brother's advice and pleaded guilty. (Doc. No. 9, p. 2). In his affidavit, Singleton declared, "That having no previous experience or knowledge of how the federal government operated and counsel's assurance that he would beat the charges[,]

---

[1] Singleton filed a Traverse the day after the Magistrate Judge entered his Report. Singleton later filed a Motion to Construe his Traverse as his Objections to the Magistrate Judge's Report. Singleton's Motion is **GRANTED**.

AO 72A
(Rev. 8/82)

I followed counsel's advice and proceeded to trial, despite the advice given to me by my brother not to [mess] with the feds as they give out football numbers and have a 99% conviction rate." (Doc. No. 2, ¶ 4). Contrary to Singleton's assertion, this statement does not make it abundantly clear he would have pleaded guilty but for Mr. Richard Allen's alleged ineffective assistance. At most, this declaration reveals that Singleton's brother offered advice to Singleton and that Singleton followed his counsel's advice to proceed to trial. Even if this declaration stands for the proposition Singleton claims it does, Singleton still cannot show that he would have pleaded guilty but for counsel's alleged ineffective assistance. The Magistrate Judge noted Singleton addressed the undersigned during sentencing as follows: "I'm just afraid about the whole ordeal, what's going on, because I ain't never did nothing. It's like I'm getting ten years for nothing. I ain't never did nothing." (Doc. No. 7, p. 5) (quoting CR210-19, Doc. No. 75, p. 10)). Singleton cannot overcome statements made before the undersigned in open court with a self-serving allegation, even if he makes such an allegation purportedly under penalty of perjury. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (reasoning that solemn declarations made in open court carry a strong presumption of veracity such that the subsequent presentation of allegations unsupported by specifics is subject to summary dismissal).

Singleton also asserts that it is "evident that the government did offer [him] a plea, however, same was not conveyed to [him] by counsel." (Doc. No. 9, p. 3). In addition, Singleton contends that he has shown he was prejudiced because he would have received a lesser sentence had counsel pursued a plea agreement. However, the undersigned found nothing in the record to support Singleton's assertions. In fact,

2

Singleton was never offered a plea agreement which would have required him to plead guilty to any offense with a sentence which would have been less than the 120 months' imprisonment Singleton received. Additionally, there is no evidence that, even if the Government had offered a plea agreement to Singleton, Singleton agreed to that plea, and the undersigned accepted that plea, he would have received a lesser sentence than the statutory maximum sentence he received. Singleton has quite an extensive criminal history, and there is no evidence that the undersigned would have reduced Singleton's 120-month sentence if he had pleaded guilty.

Singleton avers that his trial began 164 days after his original indictment and 133 days after the superseding indictment. Singleton alleges that his indictment was subject to dismissal pursuant to the Speedy Trial Act. Singleton's indictment was not subject to dismissal pursuant to the Speedy Trial Act, and thus, no prejudice inured to Singleton because his counsel failed to file a motion to dismiss the indictment. The undersigned notes Singleton's reliance on 18 U.S.C. § 3164(b) for the proposition that he was to be released after 90 days of continuous detention. Singleton overlooks the fact that, although this statute proscribes that the trial of a detained person "shall commence not later than ninety days following the beginning of such continuous detention", the "periods of delay" under 18 U.S.C. § 3161(h) "are excluded in computing the time limitation[.]" 18 U.S.C. § 3164(b). The undersigned concurs with the Magistrate Judge's analysis, which excluded certain times under § 3161(h).

Singleton's Objections are **overruled**. The Magistrate Judge's Report and Recommendation, as supplemented herein, is adopted as the opinion of the Court. Singleton's Motion to Vacate, Set Aside, or Correct his Sentence, filed pursuant to 28

O 72A
Rev. 8/82)

U.S.C. § 2255, is **DENIED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this \_\_\_7\_\_\_ day of February, 2013.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)